**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

JOSEPH D. STERN.,
Plaintiff,
v.
GLOBUS MEDICAL, INC.,
Defendant.

Case No.

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSEPH D. STERN, ("Stern") brings this action against GLOBUS MEDICAL, INC. ("Globus" or "Defendant") and for its cause of action alleges:

## JURISDICTION

1. This is an action for patent infringement in violation of the patent laws of the United States, 35 U.S.C. § 1, et seq. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) in that Defendant offers for sale, and has sold infringing products in this judicial district, and has offered infringing products to others for resale within this judicial district, such that a substantial part of the events giving rise to the claim occurred in this district.

3. Furthermore, Defendant has substantial contacts with this district, has ongoing and systematic contacts with this judicial district, and has regularly conducted business within this judicial district, including ongoing sales in this district, and, on information and belief, employment of marketing and sales personnel within this district. Defendant has therefore purposefully availed itself of the privilege of conducting business within this judicial district, and

has purposefully directed activities at residents of this judicial district.

4. Defendant Globus is the registrant for the website at the URL www.globusmedical.com, on which the infringing products are advertised and offered for sale, and which website is accessible within this judicial district. On information and belief, Globus has offered for sale and sold the infringing products within the United States, and within this judicial district.

5. Defendant Globus is the owner of the registered mark XTEND®, the name under which the infringing products are sold.

6. On information and belief, Defendant Globus has offered for sale and sold the infringing products within the United States, and within this judicial district.

**PARTIES**

7. Plaintiff Stern is an individual, having a residence in Greensboro, North Carolina.

8. On information and belief, Defendant Globus Medical, Inc. is a corporation organized and existing under the laws of Delaware, and having a place of business at 2560 General Armistead Avenue, Audubon, Pennsylvania, 19403.

**FACTUAL BACKGROUND**

9. Stern is the owner of U.S. Pat. No. 8,556,895 entitled "Revisable Anterior Cervical Plating System" (a copy of which is attached as Exhibit A) ("the '895 patent") and holds all rights under the patent, including the right to sue for past and present infringement.

10. Stern is the owner of U.S. Pat. No. 8,858,556 entitled "Revisable Anterior Cervical Plating System" (a copy of which is attached as Exhibit B) ("the '556 patent") and holds all rights under the patent, including the right to sue for past and present infringement.

11. Stern is the owner of U.S. Pat. No. 9,095,381 entitled "Revisable Anterior

Cervical Plating System" (a copy of which is attached as Exhibit C) ("the '381 patent") and holds all rights under the patent, including the right to sue for past and present infringement.

12. The above-referenced patents are collectively the "patents-in-suit."

13. Stern has now become aware that Defendant is selling products that infringe one or more claims of each of the patents-in-suit in this judicial district.

**TORTIOUS ACTIVITIES OF DEFENDANTS**

14. Defendant has made, used, offered for sale, sold, and continues to sell products that infringe, either directly, or indirectly through inducing infringement or contributory infringement, one or more claims of each of the patents-in-suit. Such infringing products include, without limitation, the products of the XTEND® anterior cervical plate system, including XTEND® primary plates, extender plates and universal extender plates (collectively, the "XTEND® anterior cervical plate implants"), as well as the ancillary XTEND® anterior cervical plate instruments and related hardware.

15. Defendant's XTEND® primary plates are designed specifically to allow surgeons to later perform revision surgery using either an XTEND® extender plate or an XTEND® universal plate.

16. On its website at http://www.globusmedical.com/portfolio/xtend/, Defendant Globus claims that "XTEND® provides surgeons with the ability to later treat adjacent levels as needed."

17. Defendant's actions infringing the patents-in-suit have been and are without the consent or authorization of Plaintiff Stern.

## FIRST CAUSE OF ACTION

## PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. §271

18. Plaintiff refers to and incorporates in this Cause Paragraphs 1 through 17, above, as though restated herein in full.

19. Defendant has made, used, imported, offered for sale, sold, and continues to sell products and/or devices that infringe one or more claims of each of the patents-in-suit, including, but not limited to, the various products of the XTEND® anterior cervical plate system.

20. By its aforesaid acts, Defendant has violated 35 U.S.C. § 271(a) by its infringement of the patents-in-suit.

21. On information and belief, Defendant's infringement of the patents-in-suit, both presently, and in the past, has been willful.

22. On information and belief, the acts of infringement of Defendant will continue unless enjoined by this Court.

23. Plaintiff is being damaged by Defendant's infringement of the patents-in-suit, and is being, and will continue to be irreparably damaged unless Defendant's infringement is enjoined by this Court. Plaintiff, therefore, does not have an adequate remedy at law.

24. This is an "exceptional case" within the meaning of 35 U.S.C. § 285.

## SECOND CAUSE OF ACTION

## INDIRECT PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. §§ 271(b) and (c)

25. Plaintiff refers to and incorporates in this Cause, Paragraphs 1 through 24, above, as though restated herein in full.

26. On information and belief, Defendant has in the past, and continues to presently offer for sale and sell the various products of the XTEND® anterior cervical plate system.

27. On information and belief, Defendant has in the past, and continues to presently supply the various products of the XTEND® anterior cervical plate system to others for resale.

28. On or about December 22, 2011, Plaintiff, through his counsel, provided notice to Defendant of U.S. Pat. No. 8,070,749, and the fact that it may be of interest to Defendant with respect to Defendant's XTEND® anterior cervical plate system. The letter also noted that Plaintiff had additional related pending patent applications.

29. On or about February 1, 2012, Plaintiff, through counsel, again provided notice to Defendant of U.S. Pat. No. 8,070,749, and the fact that it may be of interest to Defendant with respect to Defendant's XTEND® anterior cervical plate system. This letter also noted that Plaintiff had additional related pending patent applications.

30. On or about February 8, 2012, Plaintiff's counsel received a response from Defendant, confirming receipt of the prior letter, and further acknowledging pending application 13/281,603. Defendant noted that "[i]f the '603 application issues into a patent, we will evaluate the claims of the patent at that time in view of our Xtend® anterior cervical plate system and, if appropriate, discuss any potential licensing opportunities."

31. Patent application 13/281,603, of which Defendant was admittedly aware, issued as U.S. Pat. No. 8,556,895 on October 15, 2013.

32. On or about October 24, 2013, Plaintiff, through counsel, provided notice to Defendant of U.S. Pat. No. 8,556,895, and noted that Defendant's Xtend® anterior cervical was "identical to one of the claimed embodiments of the plate system disclosed in Dr. Stern's '895 patent."

33. Defendant was also notified that Dr. Stern had additional pending patent applications for his invention.

34. These applications issued as U.S. Pat. No. 8,858,556 and U.S. Pat. No. 9,095,381.

35. On information and belief, Defendant had knowledge of U.S. Pat. No. 8,858,556 and U.S. Pat. No. 9,095,381 as of their respective issue dates.

36. On information and belief, Defendant has in the past, and presently continues to offer for sale, sell and supply certain products of the XTEND® anterior cervical plate system for use in practicing a patented process, which XTEND® anterior cervical plate products are material to practicing the invention, have no substantial non-infringing uses, and are known by Defendant to be especially made or especially adapted for use in an infringement of the patents-in-suit.

37. These products include the XTEND® anterior cervical plate implants, the XTEND® anterior cervical plate instruments, and the XTEND® screws.

38. The XTEND® anterior cervical plate implants are used to directly infringe the patents-in-suit.

39. The XTEND® anterior cervical plate instruments, and the XTEND® screws are used to construct a patented system, and to practice a patented method.

40. Through its sales, supply and distribution activities, Defendant is liable for contributory infringement of the patents-in-suit pursuant to 35 U.S.C. § 271(c).

41. On information and belief, Defendant has in the past, and continues to presently sell or offer for sale the products of the XTEND® anterior cervical plate system to enable users to practice a patented process or use a patented system, with the knowledge that such acts constitute infringement of the patents-in-suit.

42. The XTEND® anterior cervical plate implants are also used to practice a patented process, or use a patented system, thereby directly infringing the patents-in-suit.

43. Defendant provides specific instruction on how to use the XTEND® anterior

cervical plate instruments, and the XTEND® screws, to construct a patented system, and to practice a patented method.

44. Through such activities, Defendant is liable for inducing infringement of the patents-in-suit, pursuant to 35 U.S.C. § 271(b).

45. On information and belief, Defendant's inducement of infringement and contributory infringement of the patents-in-suit, both presently, and in the past, has been willful.

46. On information and belief, the acts of inducement of infringement and contributory infringement of Defendant will continue unless enjoined by this Court.

47. Plaintiff is being damaged by Defendant's inducement of infringement and contributory infringement of the patents-in-suit, and is currently being, and will continue to be irreparably damaged unless Defendant's actions are enjoined by this Court. Plaintiff, therefore, does not have an adequate remedy at law.

48. This is an "exceptional case" within the meaning of 35 U.S.C. § 285.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff Stern demands judgment against Defendant as follows:

1. That this Court adjudge and declare:

a. That it has jurisdiction of the parties and of the subject matter of this action;

b. That United States Patent No. 8,556,895 ("the '895 patent) is valid;

c. That United States Patent No. 8,858,556 ("the '556 patent) is valid;

d. That United States Patent No. 9,095,381 ("the '381 patent) is valid;

e. That Defendant has committed acts of patent infringement by its manufacture, use, offer for sale, and sale of products and/or systems which infringe the

patents-in-suit;

f. That Defendant has induced infringement of the patents-in-suit; and

g. That Defendant has contributorily infringed the patents-in-suit.

2. That Defendant, its officers, directors, owners, agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with any of them be preliminarily and permanently enjoined from making, using, importing, offering for sale or selling any device and/or system which infringes, either directly or indirectly through inducement or contributorily, the patents-in-suit;

3. That Plaintiff be awarded damages covered by the acts of patent infringement of Defendant in the amount of Plaintiff's lost profits to be determined at trial, but in any event, an amount not less than a reasonable royalty pursuant to 25 U.S.C. § 284;

4. That the damage award be trebled due to Defendant's willful infringement;

5. That Defendant pay Plaintiff prejudgment interest;

6. That Plaintiff have and recover its costs in this action, including attorneys' fees; and

7. That Plaintiff have such other and further relief as the court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure Rule 38(b), Plaintiff STERN hereby demands a trial by jury of all issues in its Complaint so triable.

Dated: February 17, 2016

Respectfully submitted,

*/s/ Kenneth L. Dorsney*

Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com

Joel A. Kauth (to be admitted *pro hac vice)*
Eugene K. Chong (to be admitted *pro hac vice)*
KPPB LLP
2400 East Katella Avenue, Suite 1050
Anaheim, California 92806
(949) 852-0000
Joel.Kauth@kppb.com
eugene.chong@kppb.com

*Attorneys for Plaintiff Joseph D. Stern*